## McRAE v. ARGONAUT LAND & DEVELOPMENT COMPANY.

Sac. No. 456; October 7, 1898.

54 Pac. 743.

**Appeal—Undertaking.**—Where the Notice of Appeal Specifies that it is taken from the judgment, and from an order denying a new trial, and the undertaking is one on appeal from the judgment only, the appeal from the order will be dismissed.

**Agency.**—Testimony That Witness Acted as Agent for another in a given transaction is competent proof of the fact.

**Evidence—Book Entry.**—On an Issue Whether a Written Contract was drawn up between plaintiff and defendant, where there was the positive evidence of two witnesses that such a contract was drawn, a refusal to permit defendant to show that a book containing a record of such transactions, kept by him, did not show an entry of a certain date of the drawing of such contract, was not reversible error, it appearing that defendant did not offer to prove that the book contained no entry in regard to the contract.

APPEAL from Superior Court, San Joaquin County.

Action by Mary McRae, administratrix of the estate of Malcolm McRae, deceased, against the Argonaut Land and Development Company. From a judgment for plaintiff and from an order denying defendant's motion for a new trial defendant appeals. Appeal from order denying new trial dismissed. Judgment affirmed.

Dudley & Buck for appellant; J. G. Swinnerton and J. A. Louttit for respondent.

HAYNES, C.—The notice of appeal in this case specifies that it is taken by the defendant from the judgment, and also from an order denying its motion for a new trial. The stipulation of counsel to the correctness of the transcript shows that the undertaking on appeal is from the judgment only, and respondent calls attention to this fact, and objects to a consideration of the appeal from the order denying a new trial. This objection is well taken, and the appeal from the order should be dismissed. The record contains a statement on motion for new trial, which respondent concedes

may be regarded as a bill of exceptions on appeal from the judgment; but, as the appeal was not taken within sixty days after the rendition of the judgment, exceptions to the findings upon the ground that they are not justified by the evidence cannot be considered: Code Civ. Proc., sec. 939, subd. 1. The only questions for consideration arise upon the rulings of the court upon matters of evidence. This action is prosecuted to recover for services rendered by one W. D. McLaurin for the defendant in reference to a large tract of land owned by it near the city of Stockton, the claim and demand therefor having been assigned by McLaurin to Malcolm McRae, plaintiff's intestate. McLaurin was employed by one George H. Fairbrother, who acted, or assumed to act, as the agent of the defendant. Fairbrother's deposition was taken by the plaintiff, and among other questions put to him by the plaintiff was the following: "During the time you were acting as agent, did you know W. D. McLaurin?" Defendant objected, on the ground that the question assumes the witness was acting as agent. Before this question was put, the witness had, without objection, testified generally, and without reference to McLaurin's employment, that he had acted as agent for the defendant. The question, therefore, assumed nothing, and was entirely proper. It was not an attempt to prove agency, as contended by appellant in its brief, but to show that while acting as agent he knew McLaurin. While the statements or admissions of one, not as a witness, that in a certain transaction he acted as agent for another, are not competent to prove the fact of agency, yet, if he is called as a witness, his testimony, not only that he acted as the agent of the party, but as to the fact of agency, and the nature and extent of his authority, where it rests in parol, is as competent as that of any other witness: Mechem, Ag., sec. 101, and cases there cited.

It is also contended by appellant that the court erred in sustaining plaintiff's objection to the following question put by defendant to its witness Eugene Wilhoit: "Q. Now, look on that record of May 20th, and see whether there is any record of any charge for any work done for that corporation by you." Fairbrother and McLaurin had each testified that a written contract between McLaurin and the defendant, for McLaurin's employment, was drawn up by Mr. Wilhoit, and Mr. Wilhoit had testified that he had no recollection of it;

that he kept a book in which he entered charges for work of this character, and the book shown him covered the period of this transaction. If he had examined the book and testified that no record of it appeared, taken in connection with his testimony to the effect that, if he drew the contract, it should be entered in the book, and that he had no recollection of drawing the contract, it would be competent evidence tending to show that he did not draw it. But the judgment should not be reversed for that reason. We cannot assume that the book would have shown that there was no entry of the drawing of the contract, and, in order to show injury from the error, the defendant should have offered to prove that it contained no entry in regard to it. This was not done; and, besides, if it were admitted that no entry of the transaction existed in the book, the nonexistence of the entry would be wholly insufficient to overcome the positive evidence of two witnesses to the fact that a contract was drawn. A careful business man may conscientiously swear to the correctness of items appearing in his books, but he must be a rash man who, doing a large business—as Mr. Wilhoit says he did—will swear that no proper item was ever omitted. Such evidence would be necessarily of a weak and inconclusive character.

It is also contended by appellant that the court erred in excluding a deed and lease offered in evidence by defendant. The record in this regard is so meager and indefinite that we cannot say that the court erred in excluding them. The record is as follows: "Whereupon defendant offered in evidence the deed from defendant corporation to John Boggs, said deed being recorded and dated May 20, 1890." "Defendant also offered in evidence the lease executed by and between John Boggs on May 20, 1890, for five years, of the same land referred to in the deed, the land being the land referred to in this action as the 'Stockton Garden Tract,' and which has been referred to as the land sold by the defendant to Boggs." These offers were made separately, and objections to each were sustained in their order. The offer of the lease does not even show who the lessee was. The deed and the lease bear the same date, and the term of the lease was five years. If the defendant was the lessee, the conveyance would not affect McLaurin's employment, whether it commenced before or after the conveyance; and in support

of the ruling we might properly assume that defendant was the lessee. But the testimony of McLaurin shows that about the time of his employment Fairbrother was making a trade of the land to Boggs, and upon cross-examination he said: "By the trade I mean the $12,000 a year rent to be paid by the Argonaut Land and Development Company to Boggs." The defendant being the lessee of the land, it is apparent that the conveyance did not dispense with or affect the employment of McLaurin, and therefore the evidence offered was immaterial.

No other errors of law are mentioned in appellant's brief, and we find none in the record which would justify a reversal. We advise that the appeal from the order denying a new trial be dismissed and that the judgment be affirmed.

We concur: Searls, C.; Chipman, C.

PER CURIAM.—For the reasons given in the foregoing opinion the appeal from the order denying a new trial is dismissed and the judgment is affirmed.